TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-518 |
| of | : | |
| | : | November 18, 1994 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE THOMAS F. CASEY III, COUNTY COUNSEL, SAN MATEO COUNTY, has requested an opinion on the following question:

May a city or county require a field survey to be performed and a record of survey to be filed for a lot line adjustment which involves the creation of new points or lines not shown on any subdivision map, official map, or record of survey, the positions of which are not ascertainable from an inspection of the subdivision map, official map, or record of survey without trigonometric calculations?

CONCLUSION

A city of county may not require a field survey to be performed or a record of survey to be filed for a lot line adjustment which involves the creation of new points or lines not shown on any subdivision map, official map, or record of survey, the position of which are not ascertainable from an inspection of the subdivision map, official map, or record of survey without trigonometric calculations.

ANALYSIS

This request for our opinion involves the relationship between the Subdivision Map Act (Gov. Code, §§ 66410-66499.37)[1] and the Professional Land Surveyors' Act (Bus. & Prof. Code, §§

_____

[1]All references hereafter to the Government Code are by section number only.

1.                                                                                    94-518

8700-8806).   Section 66412, a part of the Subdivision Map Act, refers to Business and Professions Code section 8762, a part of the Professional Land Surveyor's Act, in connection with the approval by a city or county of a lot line adjustment for adjacent parcels of land.   Section 66412 provides:

"This division shall be inapplicable to:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d)   A lot line adjustment between two or more existing adjacent parcels, where the land taken from one parcel is added to an adjacent parcel, and where a greater number of parcels than originally existed is not thereby created, provided the lot line adjustment is approved by the local agency, or advisory agency.  A local agency or advisory agency shall limit its review and approval to a determination of whether or not the parcels resulting from the lot line adjustment will conform to local zoning and building ordinances.  An advisory agency or local agency shall not impose conditions or exactions on its approval of a lot line adjustment except to conform to local zoning and building ordinances, to require the prepayment of real property taxes prior to the approval of the lot line adjustment, or  to facilitate the relocation of existing utilities, infrastructure, or easements.  No tentative map, parcel map, or final map shall be required as a condition to the approval of a lot line adjustment.   The lot line adjustment shall be reflected in a deed, which shall be recorded.  No record of survey shall be required for a lot line adjustment unless required by Section 8762 of the Business and Professions Code.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Section 8762 of the Business and Professions Code states in turn:

"After making a survey in conformity with the practice of land surveying, the surveyor or civil engineer may file with the county surveyor in the county in which the survey was made, a record of the survey.

"After making a survey in conformity with the practice of land surveying, the licensed land surveyor or registered civil engineer shall file with the county surveyor in the county in which the survey was made a record of the survey relating to land boundaries or property lines, if the survey discloses any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d)   The establishment of one or more points or lines not shown on any subdivision map, official map, or record of survey, the positions of which are not ascertainable from an inspection of the subdivision map, official map, or record of survey without trigonometric calculations.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

We are asked whether a city or county may require a field survey to be made and a record of survey to be filed for a lot line adjustment which involves the creation of new points or lines not shown on any subdivision map, official map, or record of survey, the positions of which are not ascertainable from an inspection of a subdivision map, official map, or record of survey without trigonometric calculations. We conclude that a field survey and record of survey may not be required based upon such circumstances alone.

In 76 Ops.Cal.Atty.Gen. 19, 23 (1993), we recently summarized the general purposes of the Subdivision Map Act as follows:

". . . The Subdivision Map Act (Gov. Code, §§ 66410-66499.37; `Act') establishes general criteria for land development planning in the creation of subdivisions throughout the state. Cities and counties are given authority under the legislation to regulate the design and improvement of divisions of land in their areas through a process of approving subdivision maps required to be filed by each subdivider. (§§ 66411; *Santa Monica Pines, Ltd.* v. *Rent Control Board, supra*, 35 Cal.3d 858, 869; *South Central Coast Regional Com.* v. *Charles A. Pratt Construction Co.* (1982) 128 Cal.App.3d 830, 844-845.) A subdivider must obtain approval of the appropriate map before the subdivided parcels are offered for sale, or lease, or are financed. (§§ 66499.30, 66499.31; *Bright* v. *Board of Supervisors* (1977) 66 Cal.App.3d 191, 193-194.)

"The Act sets forth procedures by which cities and counties may impose a variety of specific conditions when approving the subdivision maps. Such conditions typically cover streets, public access rights, drainage, public utility easements, and parks, among other improvements. (§§ 66475-66489; see *Associated Home Builders etc., Inc.* v. *City of Walnut Creek* (1971) 4 Cal.3d 633, 639-647; *Ayers* v. *City Council of Los Angeles* (1949) 34 Cal.2d 31, 37-43.)"

The Professional Land Surveyors' Act, on the other hand, regulates the practice of land surveying in this state by licensing those engaged in that profession. It also permits, and in some cases requires, the filing of records of surveys with county surveyors, which are ultimately filed with county recorders. (See Bus. & Prof. Code, § 8762.)

Looking first at the specific provisions of section 66412, we find that a "local agency" (i.e., a city or county, § 66420), is empowered to approve lot line adjustments, and in so doing, remove them from the purview of the Subdivision Map Act ("This division"). In so doing, the local agency is subjected to the following limitations: (1) the review shall be limited to a determination whether the lot line adjustment conforms to local building and zoning ordinances; (2) no exactions or conditions are to be imposed except those: (a) which are necessary to conform the lot line adjustment to building and zoning ordinances; (b) which require the payment of property taxes; (c) which facilitate the relocation of utilities, infrastructure, or easements; (3) no tentative, parcel map, or final map shall be required; and (4) no record of survey shall be required unless required by section 8762 of the Business and Professions Code.

With respect to the express provisions of Business and Professions Code section 8762, we note that it requires the filing of a record of survey only *if* a professional surveyor or civil engineer has made a field survey in the first instance. It does not require surveys to be made and only requires records of surveys to be filed if the property owner first obtains a survey for his or her own purposes.

In interpreting the statutory provisions in question, we may rely upon several principles of statutory construction. "In construing a statute, a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *California State Board of Accountancy* (1992) 2 Cal.4th 999, 1012.) "In determining intent, we look first to the language of the statute, giving effect to its `plain meaning.'" (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208-209.) "`[C]ourts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.'" (*Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097.)

We believe that the language of section 66412 is plain and unambiguous. A local agency may not require a record of survey for a lot line adjustment except where one is "required by Section 8762 of the Business and Professions Code." The latter statute does not require a record of survey unless the property owner has first obtained a survey.

A city or county itself cannot require a survey to be made or a record of survey to be filed since neither condition is allowable under the express terms of section 66412. Pursuant to the statute, the only authorized conditions that may be imposed at the time of reviewing a lot line adjustment application relate to zoning and building ordinances, real property tax payments, and the relocation of existing utilities, infrastructure, and easements.

In short, a city or county must "limit its review and approval to a determination of whether or not parcels resulting from the lot line adjustment will conform to local zoning and building ordinances." (§ 66412, subd. (d).) We have examined in detail the legislative history of section 66412 and have found nothing that is inconsistent with the plain wording of the statute as herein discussed.

We recognize that cities and counties have broad police power authority to regulate subdivisions and land uses within their jurisdictions. (See *Griffin Development Company* v. *City of Oxnard* (1985) 39 Cal.3d 256, 261-264; *Santa Monica Pines, Ltd.* v. *Rent Control Board* (1984) 35 Cal.3d 858, 868-869; *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129, 140.) Section 7 of article XI of the Constitution provides: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with the general laws." Nevertheless, the constitutional grant of authority is not without limitation; where a local police power ordinance conflicts with general law, it is void. (*Cohen* v. *Board of Supervisors* (1985) 40 Cal.3d 277, 290; *A & B Cattle Co.* v. *City of Escondido* (1987) 192 Cal.App.3d 1032, 1038.) Here, section 66412 controls what a city or county may require when reviewing a lot line adjustment application.

Accordingly, we conclude that a city or county may not require a field survey to be performed or a record of survey to be filed for a lot line adjustment which involves the creation of new points or lines not shown on any subdivision map, official map, or record of survey, the positions of

which are not ascertainable from an inspection of the subdivision map, official map, or record of survey without trigonometric calculations.

* * * * *